UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIARA DORIQUE ALEXIS,<br><br>Plaintiff,<br><br>v.<br><br>JAKE NAVARRO, et al.,<br><br>Defendants. | No. 2:22-cv-01130 KJM AC PS<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the undersigned is plaintiff's motion for a temporary restraining order and for a preliminary and permanent injunction. ECF No. 3. The District Judge assigned to this case has denied a different motion for preliminary injunction and a different motion for a temporary restraining order on procedural grounds. ECF Nos. 9, 10, 11. Based on the analysis below, the undersigned recommends that this case be DISMISSED with leave to amend. Plaintiff's motion at ECF No. 3 will be VACATED.

**I.   BACKGROUND**

Plaintiff filed this action on June 29, 2022. ECF No. 1. The complaint's alleged basis for jurisdiction is the presence of a federal question. 28 U.S.C. § 1331; ECF No. 1 at 4. Plaintiff asserts the following federal laws were violated: "Money Laundering Control Act of 1986; 18 U.S.C.§ 1956 and 18 U.S.C. §1957; Crimes, General Provisions, Accessory After Fact (Title 18 USC); Misprision of Felony (Title 18 USC)(1); Racketeer Influenced and Corrupt Organizations

1

1  Act (R.I.C.O)." ECF No. 1 at 5.

2  The complaint alleges that defendant Robert Holliday, doing business as Paramount Residential Mortgage, knowingly had plaintiff sign a contract to pay back an alleged loan for her home while he never contributed anything of value. ECF No. 1 at 7. Holliday had plaintiff sign the contract knowing that plaintiff believed she would receive a loan for her home. Id. Holiday opened an account in her name without plaintiff's knowledge and used the Note with her signature on it as a check and cashed it three times: once to pay the seller of her home, and two more times to pay "whomever needed to be paid off." Id. Holliday then sold plaintiff's Note to different investors who were able to buy and own plaintiff's information and a share of the Note. Id. Plaintiff alleges that because Holliday sold the note, he has no right to come back and make any decisions regarding the Note, including foreclosure of plaintiff's home. Id.

Plaintiff alleges Jack Navarro, doing business as Shellpoint Mortgage Servicing, purchased plaintiff's information and a portion of the interest in the Note. Id. There is no current contract between plaintiff and Shellpoint Mortgage Servicing. Id. Shellpoint acted as though they had loaned plaintiff money and reported negative remarks on her credit report even after plaintiff sent them an "AFFIDAVIT of Truth" to which they never responded. Id. Plaintiff sent Navarro many legal forms, but she did not receive a response. Shellpoint Mortgage Servicing was granted a default judgment and started foreclosure proceedings on plaintiff's house, forcing her to go to court to fight for her property. Id.

Plaintiff alleges that a third defendant, Michelle Matkin, doing business as Quality Loan Service Corporation, "is well aware of the fraud taking place and chose to continue with the sale of my home." Id. at 8. Plaintiff claims that because no money was ever loaned to her, the sale of her home was a theft. Id.

## II. JURISDICTIONAL REQUIREMENTS

Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519

2

1   (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

2   Absence of subject matter jurisdiction requires a federal court to dismiss a case. See Ruhrgas AG

3   v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a

4   federal court to satisfy itself of its jurisdiction over the subject matter before it considers the

5   merits of a case").  Thus, "a court may raise the question of subject matter jurisdiction, sua

6   sponte, at any time during the pendency of the action." Snell v. Cleveland, Inc., 316 F.3d 822,

7   826 (9th Cir. 2002). Federal jurisdiction may be established in one of two ways. First, what is

8   known as "federal question" jurisdiction may be established by bringing a claim based on federal

9   law. 28 U.S.C. § 1331.  Second, jurisdiction may be established by a showing that the plaintiff

10  and defendant are diverse (from different sates) and that the amount in controversy is over

11  $75,000. 28 U.S.C. § 1332.

12          Here, plaintiff alleges the existence of federal question jurisdiction.  However, the

13  complaint seeks relief exclusively for violations of the criminal code.  A citizen does not have

14  authority to bring criminal charges. "Criminal proceedings, unlike private civil proceedings, are

15  public acts initiated and controlled by the Executive Branch." Clinton v. Jones, 520 U.S. 681,

16  718 (1997). Accordingly, Title 18 of the United States Code does not establish any private right

17  of action and cannot support a civil lawsuit. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.

18  1980) (criminal provisions provide no basis for civil liability).  Because the complaint does not

19  assert any cognizable federal claim, it fails to establish a basis for federal question jurisdiction.

20  Under Clinton and Aldabe, the complaint also fails to state a claim on which relief could be

21  granted.

22          The only cause of action raised that could potentially be read as a civil claim is the claim

23  under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  RICO, codified at 18

24  U.S.C. § 1962, is a criminal statute which, like each of the other claims presented, does not

25  support a private right of action. There is a civil remedies provision at 18 U.S.C. § 1964 ("civil

26  RICO").  However, even if the court assumes that plaintiff intends a civil RICO cause of action,

27  the facts of her complaint do not establish such a claim. The elements of a civil RICO claim are

28  that "a defendant must participate in (1) the conduct of (2) an enterprise that affects interstate

commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt. In addition, the conduct must be (5) the proximate cause of harm to the victim.  To show the existence of an enterprise under the second element, plaintiffs must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (C) longevity necessary to accomplish this purpose." Eclectic Properties E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014) (internal citations omitted).  The current complaint contains no allegation of an operation involving a pattern of conduct affecting interstate commerce; there is no allegation of an enterprise with a common purpose, or a structure or organization.  Instead, the complaint is limited to the facts of a single allegedly unlawful contract created with plaintiff and allegedly unlawfully sold and collected on.  The facts of the complaint do not support a civil RICO claim.

For the reasons set forth above, the complaint fails to support federal jurisdiction and must be dismissed.

### III.   LEAVE TO AMEND

"[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1108 (9th Cir. 2003) (internal quotation marks and citations omitted).  Further, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).  Though the present complaint fails to establish a basis for this court's jurisdiction or state a claim for relief, plaintiff should be given the opportunity to file a complaint that presents a proper basis for federal court jurisdiction, identifies cognizable causes of action, and alleges sufficient facts to support each claim asserted.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir.

2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original and any previous amended complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### IV.    PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER

Plaintiff filed a document labeled "Petition and Motion for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction" requesting judgment for full re-conveyance of the original Deed of Trust or filing a Satisfaction of Mortgage/Release of Lien of the original Mortgage instrument, along with damages, fees, and treble or punitive damages. ECF No. 3 at 1, 8. Because the court does not have jurisdiction over the complaint for the reasons explained above, this motion cannot be ruled upon. However, because the undersigned recommends leave to amend rather than immediate dismissal with prejudice, this motion (ECF No. 3) will be VACATED without prejudice to refiling in the event plaintiff files a complaint that establishes a basis for federal jurisdiction.

### V.    PRO SE PLAINTIFF'S SUMAMRY

The undersigned is recommending that your case be dismissed with leave to amend because you, as a private person, cannot bring the federal criminal claims that you list in your complaint. Without any federal claims this court cannot exercise federal question jurisdiction, and you have not alleged diversity jurisdiction. Accordingly, this court lacks jurisdiction altogether and cannot consider your case. Because of this, the court will not address your motion for injunctive relief. The recommendation for dismissal with leave to amend will go to the District Judge, and you have an opportunity to object. If the District Judge adopts this recommendation, you will have 30 days from the date of her order to file an amended complaint. Do not file an amended complaint before you receive an order from the District Judge ruling on these recommendations. Your amended complaint must name federal civil causes of action and must have facts listed that support each cause of action you bring.

////

## VI. CONCLUSION

Accordingly, it is hereby ORDERED that plaintiff's motion for injunctive relief (ECF No. 3) is VACATED.

Further, for all the reasons explained above, it is RECOMMENDED that plaintiff's complaint be DISMISSED with leave to amend. It is recommended that plaintiff be allowed to file an amended complaint within 30 days of a ruling on these Findings and Recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 16, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE