UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kiara Dorique Alexis,<br><br>                Plaintiff,<br><br>   v.<br><br>Jake Navarro, et al.,<br><br>               Defendants. | No. 2:22-cv-01130 KJM AC PS<br><br>ORDER |

       Plaintiff Kiara Dorique Alexis, proceeding *pro se*, moves for a temporary restraining order and preliminary injunction to stop the foreclosure sale of her home on August 10, 2022. *See* Mot. for Preliminary Injunction (PI) at 4, ECF No. 14; Mot. for Temporary Restraining Order (TRO), ECF No. 15. For the reasons below, the court **denies** plaintiff's motion.

**I.    BACKGROUND**

       On June 29, 2022, plaintiff filed this action alleging violations of various federal laws, including "Money Laundering Control Act of 1986; 18 U.S.C.§ 1956 and 18 U.S.C. §1957; Crimes, General Provisions, Accessory After Fact (Title 18 USC); Misprision of Felony (Title 18 USC)(1); Racketeer Influenced and Corrupt Organizations Act (R.I.C.O)." ECF No. 1 at 5. The complaint alleges that individual defendants doing business as a mortgage servicing company and a loan service corporation committed or otherwise enabled fraud leading to the foreclosure sale of her home. *See generally id.*

## II. DISCUSSION

A temporary restraining order or "TRO" may be issued only upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A TRO is an extraordinary remedy, and a plaintiff who requests a TRO must prove that remedy is proper by a clear showing. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

In determining whether to issue a temporary restraining order, a court applies the factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, . . . likely to suffer irreparable harm in the absence of preliminary relief, . . . the balance of equities tips in [its] favor, and . . . an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Here, the court finds the applicable standard is not met because plaintiff has not shown that the motions for a TRO and preliminary injunction seek "relief of the same nature as that to be finally granted" based on the underlying complaint. *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Specifically, plaintiff's complaint seeks relief for violations of the criminal code for which there appear to be no private right of action,[1] while the instant motions ask the court to stop a civil foreclosure sale. Because the motions "do[] not have the sort of relationship or nexus to the [c]omplaint such that the court could order relief," the court denies the request. *Kulik v. United States*, No. 18-00306, 2018 WL 3764082, at *3 (D. Haw. Aug. 8, 2018).

---

[1] This also raises the question of whether this court has jurisdiction over these claims, but the court will wait to resolve that question pending review of the Magistrate Judge's Findings and Recommendations and any objections, and resolution of the pending motions to dismiss.

The court further observes that plaintiff has not demonstrated a likelihood of success on the merits to warrant the relief sought. It is not clear which of the alleged facts support plaintiff's claims. While plaintiff has now effected service and provided additional documents in support of her motion, the documents do not support immediate injunctive relief even if the requested relief were encompassed by those claims.

**III.   CONCLUSION**

Plaintiff's motions for TRO and preliminary injunction are **denied.** The matter is referred to the assigned magistrate judge for all further proceedings.

This order resolves ECF Nos. 14 and 15.

IT IS SO ORDERED.

DATED: August 22, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE